**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Dec 10 2013, 9:34 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE, IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT JACKSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1303-CR-148 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1205-FA-873

**December 10, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Robert Jackson appeals the denial of his motion to withdraw his guilty plea. We affirm.

## Issue

Jackson raises one issue, which we restate as whether the trial court properly denied his motion to withdraw his guilty plea.

## Facts

In May 2012, the State charged Jackson with Class A felony child molesting, Class C felony child molesting, Class B felony rape, and Class B felony sexual misconduct with a minor. At a February 15, 2013 hearing on a deposition issue, Jackson indicated that he wished to accept the State's plea offer. Jackson's counsel stated that he had "long conversations with [his] client about the offer . . . ." Tr. p. 6. The State indicated that it had offered to allow Jackson to plead guilty to Class C felony child molesting and Class B felony sexual misconduct with a minor with concurrent sentencing. Although a written plea agreement had not been signed at that time, the parties agreed to submit a written agreement. The trial court questioned Jackson, who indicated that he understood the agreement, he understood his rights, he was not under the influence of alcohol, drugs, or medication, and he was making the plea decision. Jackson also indicated that he had not been "forced or threatened into pleading guilty." Id. at 12. After the State described the factual basis for the offenses, Jackson admitted that the State "accurately described" what he did. Id. at 15. The trial court took the plea

2

under advisement and set sentencing for March 18, 2013. A written, signed plea agreement was filed with the trial court later that day.

At the sentencing hearing, Jackson indicated that he wished to withdraw his guilty plea. Jackson claimed that he "was pressured into taking this plea bargain," that he "didn't have enough time to think," and that he "really did not want this plea bargain." Id. at 25. Jackson also claimed that he did not sign the plea agreement and that he did not "recall" who signed the agreement. Id. at 26. The trial court denied Jackson's request to withdraw the guilty plea. The trial court then sentenced Jackson to eighteen years in the Department of Correction. Jackson now appeals.

**Analysis**

Jackson argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. Motions to withdraw guilty pleas are governed by Indiana Code Section 35-35-1-4. Smallwood v. State, 773 N.E.2d 259, 264 (Ind. 2002). After the plea of guilty but before sentencing, a trial court may grant the motion for "any fair or just reason." Id.; Ind. Code § 35-35-1-4(b). The trial court is required to grant the motion to prevent "manifest injustice" and is required to deny the motion when the State would be "substantially prejudiced." Smallwood, 773 N.E.2d at 264; I.C. § 35-35-1-4(b). The trial court's decision is reviewed for abuse of discretion. Smallwood, 773 N.E.2d at 264; I.C. § 35-35-1-4(b).

On appeal, "'[t]he trial court's ruling on a motion to withdraw a guilty plea arrives in [this] Court with a presumption in favor of the ruling.'" Smallwood, 773 N.E.2d at 264 (quoting Johnson v. State, 734 N.E.2d 242, 245 (Ind. 2000)). "One who appeals an

3

adverse decision on a motion to withdraw must therefore prove the trial court abused its discretion by a preponderance of the evidence." Id. "We will not disturb the court's ruling where it was based on conflicting evidence." Id.

Jackson argues that manifest injustice occurred here because he was pressured into taking the plea, he did not have enough time to consider it, and he did not sign the plea agreement.[1] Jackson's acknowledgments at the guilty plea hearing indicate otherwise. At the hearing on a separate issue, Jackson indicated that he wished to accept the State's prior guilty plea offer, and the hearing was converted into a guilty plea hearing. The trial court questioned Jackson, who said that he understood the agreement, he understood his rights, he was not under the influence of alcohol, drugs, or medication, and he was making the plea decision. Jackson also indicated that he had not been "forced or threatened into pleading guilty." Tr. p. 12. A written, signed plea agreement was filed later that day.

Jackson clearly indicated at the guilty plea hearing that he was not forced into pleading guilty. Further, Jackson's argument that he did not have enough time to consider the plea agreement is contradicted by the fact that he, not the State, raised the guilty plea issue at the hearing. If Jackson needed more time to consider the offer, he simply did not need to raise the issue. As for Jackson's argument that he did not sign the

---

[1] Jackson also briefly argues that the trial court did not advise him of the elements of the crimes at the guilty plea hearing and that he pled guilty before the State gave the factual basis for the offenses. Jackson did not raise these arguments when he requested that the trial court withdraw his guilty plea. Consequently, Jackson has waived this argument. See Haak v. State, 695 N.E.2d 944, 947 (Ind. 1998) (holding that the defendant cannot change course and assert a different objection on appeal).

4

agreement, which was filed the same day as the guilty plea hearing, and that he did not "recall" who signed the agreement, the trial court clearly did not find the argument credible. Tr. p. 26. Jackson has failed to demonstrate that the trial court abused its discretion by denying his motion to withdraw his guilty plea.

## Conclusion

The trial court did not abuse its discretion by denying Jackson's motion to withdraw his guilty plea. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.